UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

           Plaintiff,

                 Case #15-CR-98-FPG

v.

                 DECISION AND ORDER

MATTHEW JOHNSON,

           Defendant.
_____

   By Text Order dated May 6, 2015, this case was referred to United States Magistrate Judge H. Kenneth Schroeder, Jr., pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). ECF No. 2. Defendant Matthew Johnson is charged with violating 21 U.S.C. §§ 846 and 856(a)(1) in a two-count indictment. ECF No. 1. Defendant has moved to suppress physical evidence, statements, and intercepted electronic/wire communications. ECF No. 151. After receiving briefing from the parties, conducting oral argument, and granting Defendant's request for an additional opportunity to file a supplemental affidavit, Magistrate Judge Schroeder issued his Report and Recommendation (ECF No. 260), which recommends the denial of Defendant's motion. No objections have been filed to the Report and Recommendation, and the time to do so has now expired.

   In reviewing a Report and Recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Since no objections were filed, this Court is not required to conduct a *de novo* review of Magistrate Judge Schroeder's Report and Recommendation. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to

those findings."); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object."). In his Report and Recommendation, Magistrate Judge Schroeder reminded the parties of Federal Rule of Criminal Procedure 59(b)(2), but he did not specifically reference the consequences of failing to file any objections within the allotted timeframe. *See* ECF No. 260, at 16–17. Accordingly, the Court reasons that review of the Report and Recommendation for clear error is the most appropriate course of action. *See, e.g.*, *United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009).

The Court has reviewed Magistrate Judge Schroeder's Report and Recommendation for clear error and finds none. With respect to Defendant's first request—to suppress physical evidence—Magistrate Judge Schroeder found that Defendant failed to establish a reasonable expectation of privacy in the searched location. ECF No. 260, at 3–5. He noted that Defendant did not submit an affidavit in support of any property or possessory interest in the location, which a co-defendant claimed was, in fact, her residence. *Id.* at 4–5. In addition, Magistrate Judge Schroeder cited S.A. Schirching's May 7, 2015 affidavit and the sealed indictment offered in support of the search warrant, both of which he concluded "establishe[d] probable cause . . . that . . . [D]efendant[] . . . was engaged in the possession and distribution of narcotics." *Id.* at 6. Accordingly, Magistrate Judge Schroeder reasoned that, even if Defendant had demonstrated a reasonable expectation of privacy, his request would still be "without legal merit." *Id.* at 5.

For Defendant's second request—to suppress statements—Magistrate Judge Schroeder found that Defendant failed to specify any factual basis in support of his allegations. *Id.* at 6–8. He observed that Defendant did not submit an affidavit based on personal knowledge to support any claim of a *Miranda* violation. *Id.* at 7. Moreover, he noted that Defendant neglected to explain how

2

or why the environment was, as Defendant's counsel claimed, "coercive and intimidating," nor did Defendant identify which statements he believed should be suppressed. *Id.*

Finally, Magistrate Judge Schroeder determined that Defendant's third request—to suppress intercepted electronic/wire communications—was also meritless. *Id.* at 8–16. As grounds for his request, Defendant alleged that the intercept orders lacked probable cause and the requisite showing of necessity. *Id.* at 8. Additionally, Defendant claimed that the interceptions were not properly minimized. *Id.* In rejecting Defendant's challenge to probable cause, Magistrate Judge Schroeder highlighted the facts provided in the affidavits supporting the intercept applications, which included "detailed description[s]" of the alleged criminal activities. *Id.* at 9–10. Magistrate Judge Schroeder relied on those same affidavits to determine that necessity was also properly found, crediting S.A. Schirching's "detail[ed]" accounts and explanations, and according deference to Judge William M. Skretny's review and approval of the applications. *Id.* at 11–15. With respect to Defendant's minimization argument, Magistrate Judge Schroeder observed that Defendant failed to identify conversations he believed to be improperly intercepted or explain the ways in which the agents allegedly failed to minimize their interceptions. *Id.* at 15–16.

Finding no clear error, the Court accepts and adopts the Report and Recommendation filed by United States Magistrate Judge H. Kenneth Schroeder, Jr. (ECF No. 260) in its entirety, and Defendant's motion to suppress (ECF No. 151) is denied in all respects.

IT IS SO ORDERED.

DATED: November 27, 2017
           Rochester, New York

                                                   _____
                                                   HON. FRANK P. GERACI, JR.
                                                   Chief Judge
                                                   United States District Court